**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellie D. Green,<br><br>    Plaintiff,<br><br>vs.<br><br>Hartford Fire Insurance Company,<br><br>    Defendant. | No. CV-10-363-PHX-DGC<br><br>**ORDER** |

Plaintiff was injured in an automobile accident on September 8, 2005. She filed a state court complaint against Defendant on October 2, 2009. The complaint asserts breach of contract and bad faith claims. Dkt. #1-1 at 5-8. The case was removed to this Court on the basis of diversity jurisdiction. Dkt. #1. Defendant has filed a motion to bifurcate claims. Dkt. #14. The motion is fully briefed. Dkt. ##12, 15. For reasons stated below, the Court will deny the motion.[1]

Defendant requests, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, that the Court bifurcate the bad faith claim from the breach of contract claim and grant a stay of discovery with respect to the bad faith claim. Dkt. #12 at 1. The decision whether to bifurcate claims is within the Court's sound discretion. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). "Bifurcation, however, is the

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

exception rather than the rule[.]" *Deguchi v. Allstate Ins. Co.*, No. 07-00144 JMS-LEK, 2007 WL 3022235, at *2 (D. Haw. Oct. 11, 2007). "Rule 42(b) merely *allows*, but does not require, a trial court to bifurcate [claims] 'in furtherance of convenience or to avoid prejudice." *Hangarter*, 373 F.3d at 1021 (emphasis in original; citation omitted).

Because breach of contract is not a prerequisite to a bad faith claim, *see Zilisch v. State Farm*, 995 P.2d 276, 280 (Ariz. 2000), bifurcating the claims will not defer "costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Cadet Mfg. Co. v. Am. Ins. Co.*, No. C04-5411 FDB, 2006 WL 1875886, at *1 (W.D. Wash. July 5, 2006) ("The courts have recognized substantial overlap between the issues of coverage and bad faith, such that bifurcation of the issues would be inappropriate.") (citations omitted). Any prejudice to Defendant resulting from Plaintiff's access to the claims file in connection with the bad faith claim "does not outweigh the interests of judicial economy." *Deguchi*, 2007 WL 3022235, at *3. The Court will exercise its discretion and deny the motion to bifurcate claims. *See id.*

**IT IS ORDERED:**

1. Defendant's motion to bifurcate claims (Dkt. #12) is **denied**.

2. The Court will set a case management conference by separate order.

DATED this 29th day of April, 2010.

_____
David G. Campbell
United States District Judge