**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellie D. Green, | No. CV-10-363-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Hartford Fire Insurance Company, | |
| Defendant. | |

The parties have filed memoranda addressing Plaintiff's request for an order compelling production of reserve information. Docs. 33, 34. That request will be granted.

In Arizona, an insurer "has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim, and act promptly in paying a legitimate claim. . . . It cannot lowball claims or delay claims hoping that the insured will settle for less." *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz. 2000). To establish the tort of bad faith, "'a plaintiff must show the absence of a reasonable basis for denying [or delaying] benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis[.]'" *Noble v. Nat'l Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981); *see Zilisch*, 995 P.2d at 279.

Plaintiff alleges that Defendant acted in bad faith by, among other things, improperly evaluating her claim and intentionally making a "low-ball" settlement offer. Docs. 1 ¶ 21, 20 at 2, 34 at 1-2. The requested reserve information "may be relevant to showing the difference between what [D]efendant thought it would have to pay and its communications

with [P]laintiff regarding its evaluation of the scope of the loss." *Flintkote Co. v. Gen. Accident Assurance Co. of Can.*, No. C 04-01827 MHP, 2009 WL 1457974, at *4 (N.D. Cal. May 26, 2009). As other courts have recognized, "reserve information is relevant because it can be evidence of bad faith, which has a subjective intent component that can be difficult to prove." *Id.* at 3 (citations omitted).

Defendant asserts that because "there are so many reasons for setting reserves which are unrelated to the claim, the information can be misleading and irrelevant to litigation." Doc. 33 at 2. But Defendant has presented no facts showing that reserve information is irrelevant in this case. While establishing a reserve does not necessarily amount to an admission of liability, that does not render the reserve entirely irrelevant to a bad faith claim. Defendant may, of course, challenge the probative value of the reserve information and its admissibility. The Court has reviewed the cases cited by Defendant and finds them to be unpersuasive and distinguishable.

**IT IS THEREFORE ORDERED** that Defendant shall promptly produce reserve information to Plaintiff.

DATED this 12th day of November, 2010.

David G. Campbell
United States District Judge